■ MELISSA COHN, Appellant, v SETH PAPRIN, Respondent. [812 NYS2d 79]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about August 10, 2005, which, inter alia, determined that defendant husband does not have to use the child care provider employed by plaintiff wife and that he is not obligated to pay any portion of such provider's compensation, unanimously affirmed, without costs.

The parties' predivorce, so-ordered custody agreement, which was incorporated by reference but not merged into their divorce judgment, provides for joint legal and equal residential custody, and that "the parties shall make every effort to continue to use the same child care person in each home, so as to maintain consistency for [their child]; if however, they cannot do so, each shall be responsible for his or her own child care provider." The

divorce judgment, insofar as pertinent, directs plaintiff to pay defendant a dollar amount of monthly child support and allocates various expenses, including child care expenses, 60% to plaintiff and 40% to defendant.

The motion court correctly held that defendant did not have to use the new child care provider hired by plaintiff, and that he was not responsible for paying any of the costs incurred by her employment in plaintiff's residence. We reject plaintiff's argument that defendant, to be relieved of his 40% obligation, was required to show why he could not use the same child care provider as plaintiff. Any such obligation would apply only to the child care provider in the parties' employ at the time of the custody agreement. By the time of defendant's motion and plaintiff's cross motion, the Justice who had presided over the divorce action and had issued the judgment of divorce had been transferred from the matrimonial part. As plaintiff concedes, the motion court was authorized to interpret the divorce judgment. That is precisely what the motion court did in resolving the cross motion. The motion court did not err in reading the judgment as a whole—the language upon which plaintiff relies and the applicable provisions of the written custody agreement, which was incorporated in the judgment—to determine the parties' respective obligations to pay child care expenses.

We have considered plaintiff's other arguments and find them to be without merit. Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.